SAMUEL HAWES *vs.* INHABITANTS OF HANSON.

Under Gen. Sts. *c.* 70, § 16, an individual cannot recover of the town where a pauper has his settlement for necessary relief furnished to the pauper in another town, although the former town has made provision, which proves inadequate, for the pauper's support in the latter town.

CONTRACT brought to recover for services rendered in taking care of Nathaniel Ellis, a pauper, whose settlement was in the town of Hanson.

At the trial in the superior court, before *Russell*, J., there was evidence that Ellis, while residing in Bridgewater, fell into distress there, and the town authorities, upon request, furnished

relief, and gave notice thereof to the defendants, whose over-
seers of the poor thereupon went to Bridgewater, and, finding
the removal of Ellis to be impracticable, made certain arrange-
ments for his support there ; that the plaintiff, who was a son-
in-law of Ellis, being present, informed the overseers that the
provision made by them was insufficient, and that he would still
be called on for assistance, which he could not afford to render
without remuneration, and afterwards gave them a similar no-
tice by letter ; that the overseers of the poor of Bridgewater
furnished no further relief, having been informed of the action
of the overseers of the poor of Hanson, and the plaintiff de-
voted a large portion of his time to the care of Ellis.  The jury
found specially, in reply to interrogatories submitted to them by
consent of the parties, that the provision made by the defend-
ants' overseers for Ellis was not reasonable, that the plaintiff
rendered services, of the value of $44, with the expectation of
receiving pay therefor, and that he gave reasonable notice to the
defendants and made due request of them to provide relief.  But
the judge nevertheless ruled that the plaintiff was not entitled
to recover, and a verdict was accordingly returned for the de-
fendants.  The plaintiff alleged exceptions.

*B. W. Harris*, for the plaintiff.

*P. Simmons*, for the defendants.

METCALF, J.  It is only by statute, if at all, that the defend-
ants can be held to pay the plaintiff for the support which he
contributed to Nathaniel Ellis.  There was no contract between
them and the plaintiff.

The statute provision, on which the plaintiff's claim depends,
is this :  " Every city and town shall be held to pay any expense
necessarily incurred for the relief of a pauper therein by any
person who is not liable by law for his support, after notice and
request made to the overseers thereof, and until provision is
made by them." Gen. Sts. *c.* 70, § 16.  This is a reënactment
of the Rev. Sts. *c.* 46, § 18, nearly *verbatim*, with the single ad-
dition thereto of the word " therein." And this word was un
doubtedly added in consequence of the decision in the case of
*Smith* v. *Colerain*, 9 Met. 492 which arose under the provision

in the Revised Statutes. In that case it was held that in a suit by an individual against a town for reimbursement of the expense of relieving and supporting poor persons, the plaintiff must prove (among other things) that those persons were residing or found in that town; " because in no other event was the town liable for their support." The addition, in the General Statutes, of the word " therein " was a legislative adoption of the court's construction of the Revised Statutes.

It is argued for the plaintiff, that though Ellis was supported in Bridgewater, yet as he was supported there at the expense of the town of Hanson — the place of his settlement — under an agreement with the overseers of Bridgewater, he should, as against the town of Hanson, be deemed a pauper " therein," within the above provision of the General Statutes. How this might have been in a case supposed by the plaintiff's counsel, to wit, if Ellis had been originally sent, by the overseers of Hanson, to an almshouse in Bridgewater, provided there at the joint charge of Hanson and that town, for their common use — as authorized by the Gen. Sts. *c.* 22, § 5 — we need not now inquire. In the present case Ellis was, from first to last, under the sole legal superintendence and care of the overseers of Bridgewater. That superintendence and care, and the responsibility thereof, were in law the same after as before the agreement between those overseers and the overseers of Hanson. The plaintiff should have given notice to the overseers of the town of Bridgewater, and made request of them. On their subsequent omission to make reasonable provision for Ellis, we doubt not that he might have maintained an action against that town. See *Worden* v. *Leyden,* 10 Pick. 24, 29. *Perley* v. *Oldtown,* 49 Maine, 31.

*Exceptions overruled.*